WILLIAM ROBERTS, *Plaintiff in Error,*

*vs.*

EDMUND DELANEY, *Defendant in Error.*

ERROR TO THE FOND DU LAC CIRCUIT COURT.

Either party may notice a cause for trial, after it is at issue.  It is then tried in its order.

The failure of the plaintiff to notice his cause for trial is not at any time a cause for non-suit.

This was an action of assumpsit, brought in the Circuit Court for Fond du Lac county, by the plaintiff in error against the defendant in error.

On the 1st day of January, 1853, the plaintiff filed his declaration, containing a special count upon a receipt given by defendant to plaintiff, as a special deputy sheriff, and also containing the common money counts.  To which the defendant, on the 22d day of January, filed a demurrer to the first count, and a plea of the general issue to the remaining counts.  At the succeeding April term of said court, the defendant, by his counsel, moved for judgment against the plaintiff, as in case of nonsuit, for want of a notice of trial, and during the pendency thereof, the plaintiff's counsel offered to proceed to trial forthwith, which said offer the court refused, and allowed the motion.  Judgment of nonsuit was thereupon rendered against the plaintiff, to reverse which this writ of error is brought.

*R. P. Eaton,* for the plaintiff in error.

*E. S. Bragg,* for the defendant in error.

*By the Court,* WHITON, C. J. It appears by the
bill of exceptions, that this case was at issue on the
22d of January, 1853, and that a judgment of non-
suit was entered at the succeeding term, on motion of
the defendant, for want of a notice of trial by the
plaintiff; the plaintiff objecting to the judgment and
offering to go to trial on the merits.

We think this judgment erroneous. Under our
practice, (in the absence of any statute or rule on the
subject,) either party may notice a cause for trial after
it is at issue, and have it placed on the calendar. It
is tried in its order, and is no more in the control of
the plaintiff than of the defendant.

Allusion was made, at the argument, to the former
practice in the State of New York, by which the court
was authorized to non-suit the plaintiff, unless he no-
ticed the cause for trial, and brought it to a hearing
at the first term after it was at issue. But it appears
that this was in consequence of a provision of their
statute.

We have no such statute, and in the absence of any,
cannot follow their practice.

Judgment reversed.